United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vincent Clinch, Plaintiff, <br><br> v. <br><br> C&S Wholesale Services, Inc., <br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 20-23737-Civ-Scola <br> ) <br> ) <br> ) |

### Order Remanding to State Court

This matter is before the Court upon an independent review of the record. After reviewing the record and the relevant legal authorities, the Court finds it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 over this matter, and remands to state court. Specifically, the Court finds that the amount in controversy does not meet the Court's jurisdictional threshold of $75,000.00.

## I. Background

On September 9, 2020, the Defendant removed the instant action from state court pursuant to 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction. (ECF No. 1.) While the Plaintiff's complaint merely sought damages "in excess of $30,000.00" the Defendant contended that at the time of removal more than $75,000.00 was in controversy between the parties as the Plaintiff was potentially entitled to: 1) backpay of $88,500.00 covering the period from the Defendant's adverse employment action against the Plaintiff through the Defendant's filing of its notice of removal; 2) an additional $59,000.00 in backpay from the Defendant's notice of removal through the anticipated trial date in this matter; and 3) emotional distress claims which may be worth between $30,000.00 and $150,000.00. (ECF No. 1 at 3.) The Defendant also suggested that the Plaintiff may be entitled to recover some unspecified amount of damages for certain benefits the Plaintiff was provided by the Defendant. (ECF No. 1 at 3.) The Defendant provided no means for the Court to determine the dollar value of these benefits.

On October 6, 2020, the Plaintiff filed a motion to remand the action to state court, pursuant to 28 U.S.C. § 1447. (ECF No. 9.) In his briefing, the Plaintiff argued that the court lacked jurisdiction pursuant to 28 U.S.C. § 1332 because the Defendant failed to take into account the Plaintiff's efforts to mitigate his damages and the fact that Plaintiff's emotional distress claims were too speculative to support the Court's subject matter jurisdiction. (ECF No. 9 at 3.)

On October 14, 2020, the Court issued an order denying the Plaintiff's motion to remand without prejudice, noting that the Plaintiff suggested he had mitigated his damages but provided no means for the Court to place a dollar amount on the value of his mitigation efforts. (ECF No. 13.) The Court ordered the Plaintiff to submit "a reasonable estimate of the Plaintiff's damages, including the amount of any mitigation of such damages and the value of any benefits that may be recovered by the Plaintiff . . . through the date of removal." (ECF No. 13 (discussing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (for purposes of challenging subject matter jurisdiction, the "critical time is the date of removal . . . [i]f jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy will not operate to divest the court of jurisdiction.")).

The Plaintiff complied with the Court's order and on October 21, 2020 provided the Court with a reasonable estimate of his damages. (ECF No. 15-1.) In his estimate, the Plaintiff seemed to agree with the Defendant that the value of his backpay from the date of the Defendant's adverse employment action against him through the date of the Defendant's removal was $88,500.00. (ECF No. 15-1 at 1.) The Plaintiff further estimated that he mitigated his damages by $28,101.92 by obtaining other employment or receiving unemployment benefits during that same period. (ECF No. 15-1 at 1-2.) Thus, the Plaintiff reasonably estimates that his damages for backpay amount to $60,398.08. (ECF No. 15-1 at 1-2.) In his response to the Court's order, the Plaintiff noted that his damages estimate did not include "front pay and compensatory damages" because they are too speculative to be considered by the Court. (ECF No. 15-1 at 1 n.1.) The Plaintiff further stated that any additional damages which may be assignable to employment benefits provided to him by his former employer are entirely offset by the benefits he has received from his current employer. (ECF No. 15-1 at 1 n.2.) Accordingly, in the view of the Plaintiff, only $60,398.08 was at issue between the parties at the time of removal.

Later that same day, the Defendant filed a response to the Plaintiff's notice. (ECF No. 16.) In the Defendant's response, the Defendant argued that the Court should "consider Plaintiff's recoverable back pay through the proposed date of trial, not simply through the date of removal." (ECF No. 16, at 4.) The Defendant argued that if the Court takes into account the Plaintiff's back pay through the trial date, approximately $147,499.80 would be at issue in this litigation. Second, the Defendant argued that the Plaintiff has submitted insufficient evidence in support of his mitigation efforts and should not be considered, and even if the Court is convinced by the Plaintiff's evidence, $6,500.00 of the

approximately $28,000 in mitigation by the Plaintiff cannot be counted as it is a welfare benefit. (ECF No. 16, at 6.) Third, the Defendant argued that the Court should factor any "front pay" into the amount on controversy, which the Defendant values at $59,000.00. Together with the back pay through the trial date, the Defendant suggested as much as $206,499.80 would be at issue between the parties if taken into consideration by the Court. (ECF No. 16, at 7.) Fourth, the Defendant argues that the Court should take into account the Plaintiff's potential compensatory damages for mental anguish and suffering, suggesting the Court should measure the Plaintiff's economic damages at the value of his compensatory damages, or at some value between $30,000.00 and $150,000.00 based on precedent from other courts in the Eleventh Circuit. (ECF Nos. 1, at 3; 16, at 8-10.)   Finally, the Defendant argues this Court should consider its attorney's fees and costs when calculating the amount in controversy, which the Defendant says could be at least a third of any damages award or reasonably estimated at $103,125.00. (ECF No. 16, at 11-12.)

II. **Legal Standards**

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000.00 *See* 28 U.S.C. §§ 1331, 1332. District Courts are under a continuing obligation to ensure they have subject matter jurisdiction over any matters that come before them. *Klayman v. Obama*, No. 15-081023-Civ, 2015 WL 5269958, at *2 (S.D. Fla. Sept. 10, 2015) (Marra, J.). In evaluating the Plaintiff's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Where a plaintiff has not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Kayode v. ABB, Inc.*, No. 18-62416-Civ, 2018 WL 4941777, at *1 (S.D. Fla. Oc. 12, 2018) (Scola, J.). Indeed, it is the defendant's responsibility to "introduce evidence" that greater than $75,000.00 is at issue between the parties. *Brown Heating & Air Conditioning, LLC v. Sunbelt Rentals, Inc.*, No. 15-20151-Civ, 2015 WL 12712059, at *2 (S.D. Fla. May 29, 2015) (Torres, Mag. J.) (internal quotations omitted). Conclusory allegations will not suffice, and the Court will not speculate in an

attempt to compensate for insufficient allegations of jurisdiction. *Kayode*, 2018 WL 4941777, at *1 (discussing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

## III. Analysis

### A. Calculation of Back Pay Damages

While the Defendant urges the Court to calculate damages through the date of a potential trial, the Court declines to do so. The Court acknowledges that some Courts in this circuit calculate back pay damages through a potential trial date, but this Court, like others, finds it more prudent to calculate damages through the date of removal. *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 WL 24471545, at *3 (M.D. Fla. Sept. 10, 2014). Indeed, this Court has previously stated its preference to calculate back pay damages through the date of removal and the Defendant has not offered a compelling reason as to why the Court should depart from its previously stated practice. *See Kayode v. ABB, Inc.*, No. 18-62416-Civ, 2018 WL 4941777, at *2 (S.D. Fla. Oc. 12, 2018) (Scola, J.). Indeed, calculating back pay through the date of trial introduces unnecessary speculation into the Court's removal analysis. For instance, the parties could settle well in advance of trial, the Plaintiff could continue to mitigate his damages, or the Court could resolve this case in advance of trial at the motion to dismiss or summary judgment stage. The Court, therefore, finds that the Plaintiff's potential backpay damages through the date of removal and irrespective of any mitigation amounts to $88,500.00.

### B. Mitigation

In determining potential damages at issue at the time of removal, courts may consider a Plaintiff's mitigation efforts when calculating back pay for the purposes of removal. *Ambridge* 2014 WL 24471545, at *3. While the Defendant objects to the information submitted by the Plaintiff in estimation of his damages, the Court finds persuasive the materials submitted by the Defendant in support of his damages estimate and the value of his mitigation efforts. On October 21, 2020, the Plaintiff submitted a "notice of reasonable estimate of damages" which suggested the Plaintiff mitigated his damages by $28,101.92. (ECF No. 15-1). The Plaintiff supplemented that filing on October 27, 2020 with paystubs showing payments from Capstone Logistics LLC to the Plaintiff. (ECF

No. 19-1.)[1] While the Plaintiff's filings could have been better developed, the Court notes that the Plaintiff's attorney submitted these filings subject to Federal Rule of Civil Procedure 11. In submitting these estimations to the Court, the Plaintiff's attorneys warrant that "the factual contentions have evidentiary support" and moreover open themselves up to sanctions if that turns out not to be the case. Fed. R. Civ. P. 11.

Having found it is proper to consider the Plaintiff's mitigation efforts in the amount in controversy at the time of removal, the Court notes that of the $28,101.92 in mitigation, $6,500.00 is attributable to unemployment compensation and $21,601.92 is attributable to compensation from the Plaintiff's employer, Capstone Logistics LLC. While the Court accepts that the Plaintiff has mitigated his damages by $21,601.92, the Court agrees with the Defendant that unemployment benefits may not be considered by the Court in mitigating backpay damages under Florida's Private Sector Whistleblower Act, Fla. Stat. §§ 448.101-448.105. *See Williams v. Amerigas Propane, Inc.*, No. 3:09-cv-654-J-34, 2010 WL 11507363, at *3 (M.D. Fla. March 31, 2020). Thus, the Court finds that at the time of removal, $66,898.08 was at issue between the parties.

### C. Front Pay

Defendant next contends that the Court should factor in a year of front pay in determining the amount of controversy at issue at the time of removal. (ECF No. 16 at 7.) For similar reasons that the Court declined the Defendant's request to calculate back pay through the date of trial, the Court declines to factor front pay damages into the amount of controversy at issue. Similar to the issue of calculating back pay through trial, this Court agrees with others that have found calculation of front pay to be speculative such that "front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." *Salomon v. Ezcorp, Inc.*, 349 F. Supp. 3d 1334, 1337 (S.D. Fla. 2018) (Dimitrouleas, J.). Indeed, assuming the Plaintiff continues his

---

[1] The Court notes that the paystubs provided by the Plaintiff appear to correspond to only $13,601.92 in wages he received from Capstone Logistics LLC.  The Defendant claims to have worked for Capstone from August 2019 through December 2019 and to have earned $8,000.00 during that time. (ECF No. 15-1.) He then claims to have worked for Capstone Logistics LLC from December 2019 through September 2020 during which time he earned $13,601.92, the period for which he provides the pay stubs. (ECF No. 15-1.) Even if the Court were to exclude $8,000.00 from the Defendant's mitigated damages, only $74,898.08 would be at issue between the parties which is insufficient to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332.

work for Capstone Logistics LLC, the Court notes that the same mitigation of damages analysis applies to front pay and back pay awards, and accordingly, front pay may not even be appropriate in this case. *Id.* at 1337-38.

### D. Emotional Distress and Compensatory Damages

While the Defendant is right that courts may consider damages for emotional distress when determining whether they have jurisdiction, where those damages are purely speculative the Court need not "divine some dollar amount as emotional distress damages to aggregate to [the Plaintiff's] back pay damages so that [the Defendant] can meet the jurisdictional threshold for federal diversity jurisdiction." *Love v. Northern Tool & Equipment Co., Inc.*, No. 08-20453-Civ, 2008 WL 2955124, at *5 (S.D. Fla. Aug. 1, 2008) (Cooke, J.).

While the Defendant points the Court to a number of cases where emotional distress damages have been awarded in a magnitude that would be sufficient to meet the Court's jurisdictional threshold, the "Defendant does not explain why that amount would be awarded in *this* case." *Quintano v. Fogo De Chao Churrascaria (Orlando) LLC*, 6:17-cv-1168, 2017 WL 3263101, at *3 (M. D. Fla. Aug. 1, 2017) (emphasis in original). The cases cited by the Defendant are not factually similar to this one and do little to assist the Court in determining the amount of controversy at issue here. While the Defendant could have introduced evidence shedding light on the Plaintiff's damages for the Court's consideration, the Defendant did not submit any such evidence for. *Brown*, 2015 WL 12712059, at *2.

### E. Attorney's Fees and Costs

Finally, the Defendant contends this Court should consider attorney's fees in calculating the amount in controversy between the parties. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy, for purposes of diversity jurisdiction, includes consideration of those fees."). As the Florida Private Sector Whistleblower's Act permits a prevailing party to recover their attorney's fees, the Court may take such fees into consideration when determining if it has jurisdiction pursuant to 28 U.S.C. § 1332. Fla. Stat. §§ 448.104.

While the Defendant argues "fees could easily exceed $103,125.00 . . . through trial" the Court, declines to calculate fees through trial. As stated above, the Court views the date of removal as operative for considering whether greater

than $75,000.00 is at issue between the parties. The Court finds the Defendant's attorney's fees estimate to be speculative and defendants cannot rely "on speculative . . . attorney's fees" that may be incurred "after the date of removal to bridge the gap between the actual amount in controversy" and the jurisdictional threshold. *Brown*, 2015 WL 12712059, at *5; *see also Quintano*, 2017 WL 3263101, at *3.

While it may have been proper for the Court to consider the Defendant's fees through the time of removal, the Defendant has not presented any evidence to the Court showing what that amount is. *Quintano*, 2017 WL 3263101, at *3. Without evidence from the Defendant, the Court has no non-speculative basis on which to calculate the Defendant's attorney's fees through the time of remvoal and therefore cannot take the Defendant's attorney's fees into consideration for whether the court has diversity jurisdiction under 28 U.S.C. § 1332.

### IV. Conclusion

For reasons stated above, the Court finds that only $66,898.08 is at issue between the parties and therefore finds that it lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt **remand** of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. The Court **denies all pending motions as moot**, as not properly before this Court.

**Done and ordered** in Miami, Florida on October 28, 2020.

_____
Robert N. Scola, Jr.
United States District Judge